## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**PHELAN HOLDINGS, INC.,**
d/b/a **PINCHER'S CRAB SHACK**,
a Florida corporation,

      Plaintiff,

**v.**                         **CIVIL ACTION NO.** _____

**WENDY'S INTERNATIONAL, INC.,**
an Ohio corporation,
and **VARIOUS JOHN DOES, JANE DOES**,
and **ABC COMPANIES**,

      Defendants,

_____/

### VERIFIED COMPLAINT

### INJUNCTIVE RELIEF SOUGHT

### JURY TRIAL DEMANDED

Plaintiff **PHELAN HOLDINGS, INC.**, a Florida corporation, d/b/a **PINCHER'S**

**CRAB SHACK** (hereinafter "Plaintiff") by and through its undersigned counsel, hereby

files this Complaint against Defendants **WENDY'S INTERNATIONAL, INC.**, an Ohio

corporation, and **VARIOUS JOHN DOES**, **JANE DOES** and **ABC COMPANIES**

(hereinafter collectively referred to as "Defendants"), for Federal Trademark Infringement,

Federal Unfair Competition, Federal Trademark Counterfeiting, Federal False Designation

of Origin, Federal False and Misleading Description of Fact, Federal False or Misleading

Representation of Fact,   Federal Passing Off, Florida Trademark Infringement, Florida

Deceptive and Unfair Business Practices, Florida Injury to Business Reputation and

Dilution, Florida Unfair Competition, Florida Unjust Enrichment, Florida

Misappropriation, Florida False Designation of Origin, and Florida Passing Off and alleges

the following:

## **<u>JURISDICTION</u>**

1. This is a complaint for Federal Trademark Infringement, Federal Unfair

   Competition, Federal Trademark Counterfeiting, Federal Unfair Competition,

   Federal False Designation of Origin, Federal False and Misleading Description of

   Fact, Federal False or Misleading Representation of Fact, Federal Passing Off,

   Florida Trademark Infringement, Florida Deceptive and Unfair Business Practices,

   Florida Injury to Business Reputation and Dilution, Florida Unfair Competition,

   Florida Unjust Enrichment, Florida Misappropriation, Florida False Designation of

   Origin, and Florida Passing Off.

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1332,

   15 U.S.C. §§ 1114, 1116, 1117, 1125 and related statutes and the principles of

   pendent jurisdiction.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of TWO

MILLION DOLLARS ($2,000,000.00).

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a), in that Plaintiff's claim arises in and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## THE PARTIES

5.      Plaintiff is a Florida corporation, with its principal place of business in Naples, Florida and does business throughout Southwest Florida and particularly within this Middle District.

6.      Upon information and belief, Defendant, **WENDY'S INTERNATIONAL, INC.,** is a corporation organized under the laws of Ohio, with its principal place of business at Dublin, Ohio and, at all times material to the issues presented herein, engaged in the illegal and infringing activities complained of hereinafter, had regular and systematic contacts with and currently does substantial business within this Middle District.

7.      Upon information and belief, Defendants, **VARIOUS JOHN DOES, JANE DOES,** and **ABC COMPANIES**, upon information and belief, are corporations, subsidiaries, affiliates, individuals or associated and related business entities who, along with Defendant, **WENDY'S INTERNATIONAL, INC.,** have engaged in the unauthorized and illegal acts complained of herein.   The identities of these unnamed Defendants and the details of their legal associations with the named

Defendant herein presently are not and cannot be known to Plaintiff.

8.      Upon information and belief, all Defendants were acting in concert with or in a joint venture with the other, were and are the agents of each other and, in doing the wrongful acts complained of herein, each was acting within the course and scope of such agency.

9.      Upon information and belief, all Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in interstate commerce.

10.     Upon information and belief, all Defendants, either individually or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in this Middle District for their individual gain and profit, and are subject to the general and specific jurisdiction and venue of this Court.

## PLAINTIFF AND ITS SUCCESS IN RESTAURANT INDUSTRY

11.     Plaintiff is a successful and respected chain of restaurants having popular and highly frequented locations throughout Southwest Florida, including the well known PINCHER'S CRAB SHACK® restaurants and locations.

12.     Plaintiff is engaged primarily in the offering of high quality prepared food, food

products, drinks, complementary items and many related goods and services.

13.    Plaintiff's goods and services are offered to the public by many and various means and modes in Florida and throughout the United States in interstate commerce.

14.    Plaintiff's favorable public reputation and commercial successes are well known to the consuming public as well as to its competitors, including to Defendants and, since its inception, Plaintiff has worked hard to separate itself from the competition and this hard work has been largely successful, as Plaintiff's operations have steadily grown and expanded.

15.    The commercial identity and resulting valuable goodwill associated with Plaintiff's business has resulted in a vast multitude of satisfied customers, considerable acclaim, a steady stream of unsolicited favorable reviews, and great public acceptance.

16.    Plaintiff's attention to detail and unequalled approach to choosing the best ingredients and menu items to provide to the public have resulted in great success and an enviable reputation, making Plaintiff a leader in its field.   Plaintiff's success is due, in significant part, to diligence and hard work but is also the result of Plaintiff's significant investment in, and use of, its portfolio of valuable intellectual property rights, including its trademarks, which are used and displayed by Plaintiff in such a manner so as to be source identifiers, designations of origin and to separate it from its competition.

## **PLAINTIFF'S TRADEMARK RIGHTS**

17.   Among many other trademarks, Plaintiff is the owner of all right, title, and interest in the federally registered trademark YOU CAN'T FAKE FRESH®, United States Trademark Registration No. 3,749,600 for restaurant services (hereinafter "Plaintiff's Mark").   See **Exhibit 1**.

18.   Plaintiff's Mark appears, among many other places, in the below images:





19.   Plaintiff offers to the consuming public, under Plaintiff's Mark, its restaurant goods and services and many related goods and services.

20.   Plaintiff's Mark is well known to the relevant consuming public, is fully valid and legally subsisting and is enforced by Plaintiff to prevent public confusion over the source of Plaintiff's goods and services.

21.   Plaintiff's goods have been widely advertised and extensively offered to the public under Plaintiff's Mark.   Throughout the United States, Plaintiff's Mark has been used in interstate commerce by Plaintiff since at least as early as 2004.

22.   Plaintiff's Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods, services and its goodwill.

23.   Plaintiff enjoys considerable success and an enviable reputation in its business and commercial enterprises due in large part to its use of, and rights in, Plaintiff's Mark.

24.   Plaintiff uses and promotes its goods and services under Plaintiff's Mark to create and benefit from brand and trade identity and to distinguish its goods and services from those sold by other restaurants.

25.   Plaintiff has made considerable expenditures to build its brand so successfully.   As a result of Plaintiff's investments, Plaintiff's Mark has become synonymous with

high quality restaurant services and goods and has become well known.

26.    Plaintiff's Mark has been widely, prominently and continuously advertised and
promoted to the public through many and various means and modes, including but
not limited to on commercial signs, newspaper and other forms of printed and
electronic materials, on menus, on radio and television ads and over the internet on
its website at www.pincherscrabshack.com as is shown below:



27.    By reason of such advertising and promotion, the public has come to recognize
Plaintiff's goods and services offered under Plaintiff's Mark as emanating solely
from Plaintiff.

28.    Plaintiff's mark is beyond distinctive and unique.   Upon information and belief, in
all of the history of the United States, no one has applied for or registered a mark
with YOU CAN'T FAKE *anything* in it for restaurant services.   Plaintiff was the

first ever.

29.     Plaintiff enforces its rights in Plaintiff's Mark to protect itself and the public from

infringers and in order to preserve what Plaintiff has worked so hard to build as a

sole and exclusive source for restaurant services under Plaintiff's Mark and

Plaintiff's excellent reputation.

### ILLEGAL ACTS OF DEFENDANTS



30.     Defendants are in the business of operating and licensing others to operate a

nationwide network of in excess of approximately 6,500 individual restaurants

which, like Plaintiff, offer a dine-in or takeout menu of assorted foods, drinks and related goods and services.

31.     Upon information and belief, Defendants maintain locations throughout the United States and in each and every state, including within the state of Florida, are one of the largest fast food chains in the United States, expend hundreds of millions of dollars each year in the advertising and promotion of their restaurant goods and services by various means and modes and generate billions of dollars in revenue from consumer sales each year.

32.     Defendant**s**' television, radio, and internet advertising occur in this Middle District and are viewed by customers in this Middle District.

33.     Defendants and Plaintiff compete for the same and/or substantially similar restaurant-going consumers.

34.     Upon information and belief, Defendants have adopted and used the term, YOU CAN'T FAKE FRESH, for Defendants' food and restaurant services, and the same has been broadcast to the public in commercial advertising by Defendants.

35.     Defendants are responsible for openly and actively advertising, both in this Middle District and throughout the United States the following image by using the term "YOU CAN'T FAKE FRESH" for Defendants' food and restaurant services (hereinafter the "Infringing Mark 1").

36.     Defendants caused the image below, among others, to be broadcast to the

consuming public on multiple occasions:



37.     The Infringing Mark 1 and Plaintiff's Mark are exactly the same.

38.     The Infringing Mark 1 and Plaintiff's Mark sound exactly the same when spoken.

39.     The Infringing Mark 1 and Plaintiff's Mark are marketed to exactly the same group of consumers, namely restaurant-going consumers.

40.     The Infringing Mark 1 and Plaintiff's Mark are broadcast to consumers in exactly the same location, namely Southwest Florida, among other geographies.

41.     The Infringing Mark 1 and Plaintiff's Mark are for the exact same services, namely restaurant services.

42.     Upon information and belief, Defendants have openly and actively engaged in the unauthorized, infringing, unlicensed, and imitative use of the exact same trademark registered exclusively to Plaintiff, namely **YOU CAN'T FAKE FRESH** for the exact same services protected in Plaintiff's federal registration, namely "restaurant services", in the exact same geographic area in which Plaintiff uses its Mark, in

commercial advertising and in exact and direct competition with Plaintiff .   See **Exhibit 2.**

43.      Additionally, as part of the illegal conduct described herein, Defendants caused the below image to be broadcast into this Middle District, in television advertising, using the term, "**YOU CAN'T FAKE FRESH**:



44.      The above use of YOU CAN'T FAKE FRESH takes place within a motion picture or video presentation of Defendants' commercial advertising.

45.      The Defendants' use of YOU CAN'T FAKE FRESH mark is, for all intents and purposes, the functional equivalent of the Plaintiff's Mark and is intended by Defendants to, and does, give rise to the same commercial impression as the Plaintiff's Mark.

46.     Plaintiff has at no time granted to Defendants any permission or license to use the

Plaintiff's Mark.

47.     The use of the Infringing Mark 1, YOU CAN'T FAKE FRESH, by Defendants is

unauthorized and without permission.

<u>DEFENDANTS' USE OF YOU CAN'T FAKE **REAL**<br>
IS FRUIT OF THE POISONOUS TREE</u>



48.     Out of the use of the Infringing Mark 1, Defendants hatched an additional plan of

action.   Defendants developed yet another mark for the exact same services and

goods as that used under the Infringing Mark 1, namely the Defendants adopted the

mark "YOU CAN'T FAKE **REAL**" (hereinafter "Infringing Mark 2").

49.     It may appear to a consumer that Defendants' birth of the Infringing Mark 2 as

proceeding from or in first conjunction with Infringing Mark 1, is "fruit of the poisonous tree", so to speak, in that it is the progeny of infringing acts.

50.     The explanatory, visual, textual, collateral, and ancillary materials used by Defendants in connection with their use of the term YOU CAN'T FAKE REAL demonstrate clearly that Defendants wish the reader and consumer to interpret the term "REAL" as being synonymous with and conveying the same commercial impression as that which is created by the term "FRESH".

51.     Defendants created a connection between the term YOU CAN'T FAKE FRESH, and the term YOU CAN'T FAKE REAL, and advertised that connection repeatedly.

52.     The image immediately below is a true and accurate depiction of the content offered at http://www.wendys.com/ads/ during the month of July 2011.



53.     Infringing Mark 1 and Infringing Mark 2 are hereinafter also collectively referred to as the "Infringing Marks".

54.   Defendants' Infringing Mark 2 is confusingly similar to Plaintiff's Mark.

55.   Defendants' use of both Infringing Mark 1 and Infringing Mark 2 is engendering bad will in connection with Plaintiff's innovative, first, and distinctive mark, as the public responds to particular details about how Defendants do business, such as that shown in **Exhibit 3**.

56.   Defendants have apparently targeted for use of their Infringing Mark 1 and Infringing Mark 2, with special attention, those restaurants in Plaintiff's geographic area, as shown by the prominent national placement, over all other Wendy's locations, of the internet advertising for Wendy's Cape Coral, Florida location. See **Exhibit 2**.

57.   Defendants' conduct harms Plaintiff and Plaintiff's trademark rights and has, and is, causing damage to Plaintiff needlessly.

58.   This public offering for sale of competing goods and services under the Infringing Mark 1 and Infringing Mark 2 by Defendants is and has been without the consent, permission or authority of Plaintiff, as Defendants do not have any legitimate rights in or licenses to the Infringing Mark 1 or Infringing Mark 2.

59.   Infringing Mark 1 and Infringing Mark 2 have each been used by Defendants and offered to the public utilizing this District as a forum for their infringing activities with actual and/or constructive knowledge that neither are genuine nor authorized by Plaintiff.

60.    Defendants have engaged in the widespread, regular and systematic transaction of
       business under the Infringing Mark 1 as well as under Infringing Mark 2, have
       engaged in the commission of tortious acts in Florida, including within this Middle
       District, and are subject to the jurisdiction of this Court.

61.    By using the Infringing Marks and offering services and goods for sale thereunder,
       Defendants, on a widespread basis, have misrepresented and falsely described to
       the general public the origin and source of Defendants' goods and services so as to
       deceive the public and deliberately create the likelihood of consumer confusion,
       which can include, but is not limited to, initial interest confusion and "reverse
       confusion" as that term is recognized under the law.

62.    By using the Infringing Marks, and offering goods for sale thereunder, Defendants
       have caused and continue to cause mistake, or to deceive the consuming public as
       to the affiliation, connection, or association of Defendants with Plaintiff, or as to
       the origin, sponsorship, or approval of Defendants' goods and services, or
       commercial activities by the ultimate purchaser as to both the source and
       sponsorship of Defendants' goods and services.

63.    Upon information and belief, Defendants' goods and services offered under the
       Infringing Marks, to the extent that they are not the genuine article of Plaintiff and
       not fully authorized by Plaintiff, are or may be inferior in quality to the goods and
       services authorized to be sold by Plaintiff, and the sale thereof has, does, and will

continue to damage and dilute the goodwill Plaintiff has developed in connection

with offering legitimate, authorized goods and services under Plaintiff's Mark.

64.     Defendants, upon information and belief and with full knowledge of the notoriety

of Plaintiff's Mark, intended to, and did, trade on the goodwill associated with

Plaintiff, and have misled and will continue to confuse, deceive and mislead the

public in this regard.

65.     Defendants have advertised, distributed, offered for sale, and/or sold in the state of

Florida and in interstate commerce, related goods and services under the Infringing

Marks, thus creating the likelihood of confusion, deception, and mistake as to the

source, affiliation, connection, or association of the Plaintiff's genuine services , or

as to the origin, sponsorship, or approval of Defendants' goods, services or

commercial activities.

66.     The use by Defendants of either or both of the Infringing Marks constitutes a

knowing use of a false designation of origin and a false description or

representation that wrongly and falsely designates Defendants' goods and services

offered to the public by Defendants as originating from, or connected with,

Plaintiff, and constitutes using false descriptions of fact or misrepresentations in

commerce.

67.     The imitation, reproduction, and unauthorized use of either or both of the

Infringing Marks causes irreparable injury to Plaintiff, including injury to its

business reputation and dilution of the distinctive quality of Plaintiff's Mark.

68.     Defendants' use of either or both of the Infringing Marks does, is likely to, cause

Defendants to pass off their goods and services as those of Plaintiff's, all to the

detriment of Plaintiff and to the unjust enrichment of Defendants.

69.     Defendants' use of either or both of the Infringing Marks has caused, does cause,

and/or is likely to continue to cause, damage to Plaintiff by tarnishing the valuable

reputation and image associated with Plaintiff and its goods and services.

70.     Upon information and belief, the false and deceptive advertising of Defendants, as

is set forth herein, is intention and is calculated to provide Defendants with

commercial benefit to the detriment of its competitors, including Plaintiff.

71.     Upon information and belief, the false and deceptive advertising of Defendants, as

is set forth herein, is directed to the same or similar consumers as those to which

Plaintiff directs its advertising and is likely to deceive consumers into making a

decision to purchase Defendant's products over those offered by Plaintiff under

Plaintiff's Mark.

72.     Defendants' unlawful activities results in irreparable harm and injury to Plaintiff.

Among other harms, it:

a.      deprives Plaintiff of its absolute right to determine the manner in which its
        goods and services are presented to the general public, including but not
        limited to the right to determine the scope, manner and expansion of its
        rights;

b.      dilutes and/or tarnishes Plaintiff's valuable and distinctive trademark rights;

c.      deceives the public as to the origin and sponsorship of such goods and services;

d.      wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks;

e.      deceives the public as to the nature, quality and characteristics of Defendants' goods and services and, to the extent Defendants' goods and services are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation; and

73.     Among the other relief sought herein, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, their principals, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of the applicable law, including but not limited to 15 U.S.C. §§ 1114, 1117 and 1125.

74.     Plaintiff is further entitled to recover from Defendants all of the damages available under the applicable law, including but not limited to actual damages, damages for false advertising, damages for reverse confusion, damages as for and representing corrective advertising, treble damages and/or statutory damages, interest, and attorney fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts as alleged herein.   At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §  1117)

75.     Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

76.     Defendants' acts, as alleged herein, with respect to Defendants' infringement of

Plaintiff's Mark, are likely to cause public confusion, mistake, or deception, and

constitute trademark infringement in violation of 15 U.S.C. § 1117.

77.     Defendants' acts, as alleged herein, have caused irreparable injury and damage to

Plaintiff and, unless restrained, will continue to do so.

78.     As a result, Plaintiff has suffered damages with interest.

79.     Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
        Defendants and their officers, directors, principals, agents, servants,
        employees, successors, assigns, attorneys, and all those persons in active
        concert or participation therewith who received actual notice of this Court's
        orders:

        i.      from causing likelihood of confusion, or causing mistake, or to
                deceive as to the affiliation, connection, or association of
                Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
                sponsorship, or approval of his or her goods, services, or
                commercial activities, or causing injury to business reputation,
                or dilution of the distinctiveness of Plaintiff's Mark, or
                Plaintiff's forms of advertisement;

ii.      from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.     from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants= respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.     an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.     all monetary damages suffered by Plaintiff;

d.     an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e.     such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125)

80.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

81.    Defendants' acts, as alleged herein, constitute unfair competition, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

82.    Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

83.    As a result, Plaintiff has suffered damages with interest.

84.    Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.     a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered

by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125;

e.      and such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT III
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114 and 1116(d))

85.   Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

86.   Defendants' acts, as alleged herein, constitute counterfeiting under

15 U.S.C. § 1116(d), et seq.

87.   Defendants' acts, as alleged herein, have caused irreparable injury and damage to

Plaintiff and, unless restrained, will continue to do so.

88.     As a result, Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117(c) plus

destruction of all goods bearing the Infringing Marks.

89.     Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
        Defendants and their officers, directors, principals, agents, servants,
        employees, successors, assigns, attorneys, and all those persons in active
        concert or participation therewith who received actual notice of this Court's
        orders:

   i.      from causing likelihood of confusion, or causing mistake, or to
           deceive as to the affiliation, connection, or association of
           Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
           sponsorship, or approval of his or her goods, services, or
           commercial activities, or causing injury to business reputation,
           or dilution of the distinctiveness of Plaintiff's Mark, or
           Plaintiff's forms of advertisement;

   ii.     from directly or indirectly falsely designating or representing
           that any goods or services are authorized, approved, associated
           with, or originating from, Plaintiff;

   iii.    from directly or indirectly using the Infringing Marks or any
           confusingly similar variants, iterations, or forms thereof, which
           is likely to cause confusion or further irreparable harm to
           Plaintiff's business reputation or goodwill;

   iv.     from utilizing the Infringing Marks or any confusingly similar
           variant in any shape or manner;

   v.      from publishing, assembling, marketing, distributing, or
           otherwise utilizing any literature, business forms,
           advertisements, signs, or any other representations, regardless of
           the medium, which bear the Infringing Marks or any

        confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants= respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.     to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

        and for:

b.     an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.     all monetary damages suffered by Plaintiff;

d.     an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117;

e.     and such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT IV
## FEDERAL FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125)

90.     Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

91.     Defendants' acts, as alleged herein, constitute a false designation of origin, of

which is likely to cause confusion, mistake or deception in violation of

15 U.S.C. § 1125.

92.     Defendants' acts, as alleged herein, have caused irreparable injury and damage to

Plaintiff and, unless restrained, will continue to do so.

93.     As a result, Plaintiff has suffered damages with interest.

94.     Plaintiff has no adequate, complete remedy at law.

        **WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
        Defendants and their officers, directors, principals, agents, servants,
        employees, successors, assigns, attorneys, and all those persons in active
        concert or participation therewith who received actual notice of this Court's
        orders:

        i.      from causing likelihood of confusion, or causing mistake, or to
                deceive as to the affiliation, connection, or association of
                Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
                sponsorship, or approval of his or her goods, services, or
                commercial activities, or causing injury to business reputation,
                or dilution of the distinctiveness of Plaintiff's Mark, or
                Plaintiff's forms of advertisement;

        ii.     from directly or indirectly falsely designating or representing

that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125; and

e.      such other interlocutory and permanent relief as this Court may deem just and proper.


**COUNT V**
**FEDERAL FALSE AND MISLEADING DESCRIPTION OF FACT**
**(15 U.S.C. § 1125)**

95.     Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

96.     Defendants' acts, as alleged herein, constitute a false and misleading description of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

97.     Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

98.     As a result, Plaintiff has suffered damages with interest.

99.     Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii.      from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.      from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.      from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.      to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.      to immediately institute full compliance with any order entered

by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125; and

e.      such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VI
## FEDERAL FALSE OR MISLEADING REPRESENTATION OF FACT
## (15 U.S.C. § 1125)

100.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

101.    Defendants' acts, as alleged herein, constitute a false or misleading representation of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

102.    Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

103.    As a result, Plaintiff has suffered damages with interest.

104.   Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii.   from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.   from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

   v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

   vi.   to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form,

which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VII
## FEDERAL PASSING OFF
## (15 U.S.C. § 1125)

105.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

106.    Defendants' acts, as alleged herein, constitute passing off, which is likely to cause

confusion, mistake or deception in violation of 15 U.S.C. § 1125.

107.   Defendants' acts, as alleged herein, have caused irreparable injury and damage to

Plaintiff and, unless restrained, will continue to do so.

108.   As a result, Plaintiff has suffered damages with interest.

109.   Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining
Defendants and their officers, directors, principals, agents, servants,
employees, successors, assigns, attorneys, and all those persons in active
concert or participation therewith who received actual notice of this Court's
orders:

   i.   from causing likelihood of confusion, or causing mistake, or to
deceive as to the affiliation, connection, or association of
Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
sponsorship, or approval of his or her goods, services, or
commercial activities, or causing injury to business reputation,
or dilution of the distinctiveness of Plaintiff's Mark, or
Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing
that any goods or services are authorized, approved, associated
with, or originating from, Plaintiff;

   iii.   from directly or indirectly using the Infringing Marks or any
confusingly similar variants, iterations, or forms thereof, which
is likely to cause confusion or further irreparable harm to
Plaintiff's business reputation or goodwill;

   iv.   from utilizing the Infringing Marks or any confusingly similar
variant in any shape or manner;

   v.   from publishing, assembling, marketing, distributing, or

otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VIII
## FLORIDA TRADEMARK INFRINGEMENT
### (Florida Statutes § 495.151)

110.   Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

111.   Defendants' acts, as alleged herein, constitute an infringement of Plaintiff's rights in and to its trade name as set forth in Florida Statutes § 495.151 et seq.

112.   Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

113.   As a result, Plaintiff has suffered damages with interest.

114.   Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.      from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.      from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.      to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.      to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorney's fees and costs; and

e.      such other interlocutory and permanent relief as this Court may deem just
and proper.

## COUNT IX
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
### (Florida Statutes § 501.204 et seq.)

115.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if
fully set forth herein.

116.    Defendants' deceptive, unfair and commercially exploitive acts, as alleged herein,
were in bad faith and are in violation of the Florida Deceptive and Unfair Trade
Practices Act, in violation of Florida Statutes § 501.204, et seq.

117.    Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff, and,
unless restrained, will continue to do so.

118.    As a result, Plaintiff has suffered damages with interest.

119.    Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
Defendants and their officers, directors, principals, agents, servants,
employees, successors, assigns, attorneys, and all those persons in active
concert or participation therewith who received actual notice of this Court's
orders:

i.        from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii.        from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.        from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.        from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.        from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.        to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.        to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.        to immediately institute full compliance with any order entered

by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs; and

e.      such other interlocutory and permanent relief as this Court may deem just and proper.


### COUNT X
### FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION
### (Florida Statutes § 495.151 et seq.)

120.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

121.    Defendants' acts, as alleged herein, have caused, and are likely to cause, damage to Plaintiff by tarnishing Plaintiff's valuable reputation and by diluting the distinctiveness of Plaintiff's Mark in violation of Florida Statutes § 495.151 et seq.

122.    Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff, and, unless restrained, will continue to do so.

123.    As a result, Plaintiff has suffered damages with interest.

124.    Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form,

which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XI
## FLORIDA UNFAIR COMPETITION

125.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

126.    Defendants' acts, as set forth herein, constitute Florida unfair competition in

violation of the Florida common law.

127.  Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and,

unless restrained, will continue to do so.

128.  As a result, Plaintiff has suffered damages with interest.

129.  Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.  a preliminary and permanent injunction enjoining and restraining
Defendants and their officers, directors, principals, agents, servants,
employees, successors, assigns, attorneys, and all those persons in active
concert or participation therewith who received actual notice of this Court's
orders:

   i.  from causing likelihood of confusion, or causing mistake, or to
deceive as to the affiliation, connection, or association of
Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
sponsorship, or approval of his or her goods, services, or
commercial activities, or causing injury to business reputation,
or dilution of the distinctiveness of Plaintiff's Mark, or
Plaintiff's forms of advertisement;

   ii.  from directly or indirectly falsely designating or representing
that any goods or services are authorized, approved, associated
with, or originating from, Plaintiff;

   iii.  from directly or indirectly using the Infringing Marks or any
confusingly similar variant, which is likely to cause confusion or
further irreparable harm to Plaintiff's business reputation or
goodwill;

   iv.  from utilizing the Infringing Marks or any confusingly similar
variant in any shape or manner;

   v.  from publishing, assembling, marketing, distributing, or

otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XII
## UNJUST ENRICHMENT

130. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

131. Defendants' acts, as set forth herein, result in unjust enrichment to the Defendants, in violation of the Florida common law.

132. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

133. As a result, Plaintiff has suffered damages with interest.

134. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

    ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

     iii.       from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

     iv.      from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

     v.       from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

     vi.      to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

     vii.     to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

     viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

            and for:

b.     an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.     all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs; and

e.      such other interlocutory and permanent relief as this Court may deem just
and proper.


## COUNT XIII
## FLORIDA MISAPPROPRIATION

135.   Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

136.   Defendants' acts, as set forth herein, constitute misappropriation in violation of the

Florida common law.

137.   Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and,

unless restrained, will continue to do so.

138.   As a result, Plaintiff has suffered damages with interest.

139.   Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
Defendants and their officers, directors, principals, agents, servants,
employees, successors, assigns, attorneys, and all those persons in active
concert or participation therewith who received actual notice of this Court's
orders:

i.      from causing likelihood of confusion, or causing mistake, or to
deceive as to the affiliation, connection, or association of
Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
sponsorship, or approval of his or her goods, services, or
commercial activities, or causing injury to business reputation,

or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii. from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv. from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.      to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant is not connected with Plaintiff;

viii.      to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.      an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.      all monetary damages suffered by Plaintiff;

d.      an award of attorneys fees and costs; and

e.      such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XIV
## FLORIDA FALSE DESIGNATION OF ORIGIN

140.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

141.    Defendants' acts, as set forth herein, constitute false designation of origin in

violation of the Florida common law.

142.    Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and,

unless restrained, will continue to do so.

143.    As a result, Plaintiff has suffered damages with interest.

144.    Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

i.      a preliminary and permanent injunction enjoining and
restraining Defendants and their officers, directors, principals,
agents, servants, employees, successors, assigns, attorneys, and
all those persons in active concert or participation therewith who
received actual notice of this Court's orders: from causing
likelihood of confusion, or causing mistake, or to deceive as to
the affiliation, connection, or association of Defendants with
Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or
approval of his or her goods, services, or commercial activities,
or causing injury to business reputation, or dilution of the
distinctiveness of Plaintiff's Mark, or Plaintiff's forms of
advertisement;

ii.     from directly or indirectly falsely designating or representing
that any goods or services are authorized, approved, associated
with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any
confusingly similar variant, which is likely to cause confusion or

further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs; and

e.    such other interlocutory and permanent relief as this Court may deem just

and proper.

## COUNT XV
## FLORIDA PASSING OFF

145.   Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if

fully set forth herein.

146.   Defendants' acts, as set forth herein, constitute, passing off in violation of the

Florida common law.

147.   Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and,

unless restrained, will continue to do so.

148.   As a result, Plaintiff has suffered damages with interest.

149.   Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.      a preliminary and permanent injunction enjoining and restraining
Defendants and their officers, directors, principals, agents, servants,
employees, successors, assigns, attorneys, and all those persons in active
concert or participation therewith who received actual notice of this Court's
orders:

   i.      from causing likelihood of confusion, or causing mistake, or to
deceive as to the affiliation, connection, or association of
Defendants with Plaintiff or Plaintiff's Mark, or as to the origin,
sponsorship, or approval of his or her goods, services, or
commercial activities, or causing injury to business reputation,
or dilution of the distinctiveness of Plaintiff's Mark, or
Plaintiff's forms of advertisement;

   ii.     from directly or indirectly falsely designating or representing

that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein, all monetary damages suffered

by Plaintiff, an award of attorneys fees and costs; and such other interlocutory and permanent relief as this Court may deem just and proper, and

c.      Plaintiff requests a jury trial on all issues so triable.


                    Respectfully submitted,

                         /s/JENNIFER L. WHITELAW
                         JENNIFER L. WHITELAW
                         WHITELAW LEGAL GROUP
                         Trial Counsel for Plaintiff
                         **PHELAN HOLDINGS, INC.**
                         Florida Bar No. 0938629
                         3838 Tamiami Trail North, Third Floor
                         Naples, Florida 34103
                         Telephone:   239-262-1001
                         Facsimile:   239-261-0057
                         Email: usdcmail@whitelawfirm.com

## VERIFICATION

I **DECLARE**, under penalty of perjury, that I am duly authorized in the premises, have read the foregoing Complaint and that the same is true and correct.

Executed this 5th day of July, 2011.


**PHELAN HOLDINGS, INC.**

By: _____

<u>Grant Lee Phelan, Chief Operating Officer</u>