**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**PHELAN HOLDINGS, INC.**,
d/b/a **PINCHER'S CRAB SHACK**,
a Florida Corporation,

    Plaintiff,

v.                  **CIVIL ACTION NO. 2:11-cv-00392--FtM-99DNF**

**WENDY'S INTERNATIONAL, INC.**,
an Ohio corporation, and **VARIOUS JOHN DOES, JANE DOES**, and **ABC COMPANIES**,

    Defendants,
_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Plaintiff, **PHELAN HOLDINGS, INC.** (hereinafter "Plaintiff"), by and through the undersigned counsel hereby responds to the Partial Motion to Dismiss [Doc. 17] filed by Defendant, **WENDY'S INTERNATIONAL, INC.** (hereinafter "Defendant"), and states the following in opposition thereto:

**PRELIMINARY STATEMENT**

The filing of the instant motion, which is aimed at virtually all counts of Plaintiff's complaint, and which is wholly premised on Federal Rule 12(b)(6), can be best described as a time waster and it should be denied in its entirety. The facts of this case are straightforward. Plaintiff is the owner of a successful restaurant chain for which Plaintiff innovated and uses Plaintiff's federally registered trademark YOU CAN'T FAKE FRESH for restaurant services, which is owned exclusively by Plaintiff. Defendant undertook use of Plaintiff's mark, on a national scale, for the exact same services, using the exact same mark, in the exact same geography.

These simple and straightforward facts violate many federal and state laws. Plaintiff is entitled to allege all of the violations, and to do so in detail.

Discovery has not even opened and the current record solely consists of Plaintiff's complaint plus exhibits, and includes detailed graphical images showing some but not all of the wrongful acts which infringe Plaintiff's federally registered trademark by Defendant. Respectfully, if Defendant does not apprehend the nature of the case, it is either because it chooses not to or it has not read the complaint. Further, as shown below, Defendant appears not to have even read some of the cases which it cites in support of its own motion. There is no express or implied limit of the number of counts which can be asserted by a plaintiff and the right of a party to plead alternate or hypothetical counts or defenses is permitted by the plain language of Federal Civil Rule 8(d)(2). The facts determine what a Plaintiff needs to address by way of counts and allegations. What

Defendant has done violates a number of laws. Plaintiff is not only justified in stating those, but any counsel for such a plaintiff would also be negligent in leaving those out.

Plaintiff's complaint is sufficiently detailed. Defendant has totally ignored the considerable detailing of both Plaintiff's intellectual property rights and Defendant's wrongs asserted under numerous federal and state laws. Defendant claims that it does not have "fair notice" of the claims asserted against it. Specifically, it is alleged that Plaintiff has not presented "sufficient *facts* to raise a reasonable expectation that discovery will reveal evidence of the claim", as if the Defendant could not decipher why it was being sued. Defendant asserts that Plaintiff's claims for relief have not been facially stated, even though the factual detail and citation to the applicable statutes presented is beyond that required by mere notice pleading, and even though the infringement and the actual faces of the infringers appear clearly on Defendant's own promotional materials and was reproduced in several paragraphs of the complaint. That assertion is not reasonable.

By simply watching its own nationally televised commercials while holding a copy of Plaintiff's certificate of federal trademark registration in hand, Defendant can understand the myriad of problems its acts have created. Defendant has more than sufficient facts available to it to raise a reasonable expectation that discovery will reveal evidence of the claim. Yet, and all though it did not have to, Plaintiff provided the key evidence right in the complaint. Defendant already has in hand what it is arguing it will not be able to find.

**THE CASE LAW AND OTHER AUTHORITIES
REQUIRE DENIAL OF THE MOTION**

At the outset it must be noted that one of the central purposes of the Federal Rules of Civil Procedure "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities" 5 Charles A. Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 1471 (2d ed.1990). Accordingly, in the Eleventh Circuit motions to dismiss a complaint at the early stage of an action are generally "disfavored and are rarely granted". Wood v. Cellco Partnership, 2007 WL 917300 (M.D. Fla. 2007) at 4 ("The test is not whether the complainants will ultimately prevail but whether they are entitled to offer evidence in support of the claims pleaded."). See, also, Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997) ("The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity"…).

A complaint must present a short and plain statement of the asserting party's claim that shows that party is entitled to relief. FRCP 8(a)(2). When a motion to dismiss under FRCP 12(b)(6) is brought, for failure to state a claim upon which relief can be granted, the allegations of the asserting party should be accepted by the court as true and the court limits its review to the pleadings and exhibits. Grossman v. Nationsbank, NA, 225 F.3d 1228, 1231 (11th Cir. 2000); see, also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

In the Eleventh Circuit, for a defendant to prevail upon a motion to dismiss under Rule 12(b)(6), it must be "clear that no relief could be granted under any set of facts that

could be prove consistent with the allegations." <u>Blackston v. State of Alabama</u>, 30 F.3d 117, 120 (11th Cir. 1994); <u>Valpak Direct Marketing Systems, Inc. v. The Hiatt Group, LLC</u>, 2008 WL 1995073 (M.D. Fla. 2008). Determining the propriety of a motion to dismiss requires courts to accept the factual allegations in the complaint and to evaluate all inferences derived from those facts in a light most favorable to the plaintiff. <u>Hunnings v. Texaco, Inc.</u>, 29 F.3d 1480, 1483 (11th Cir. 1994); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low". <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985), citing <u>Quality Foods de Centro America S.A. v. Latin American Agribusiness Development Corporation</u>, 711 F.2d 989, 995 (11th Cir. 1983); see, also, <u>La Grasta v. First Union Securities, Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004), citing <u>In re Southeast Banking Corp.</u>, 69 F.3d 1539, 1551 (11th Cir. 1995), and holding that "[F]or better or worse, the federal rules of civil procedure do not permit the district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can."

Well beyond satisfying the standard of "notice" pleadings, Plaintiff herein devoted considerable time and effort to provide the Defendant herein with a detailed, well-pleaded complaint which is verified, contains photographs and exhibits and further is replete with the many ways in which Defendant has violated each law placed in issue.

Further, with respect to the many allegations of improper "duplication" of causes of action asserted by Defendant, it is clear that a plaintiff is allowed to plead in the alternative.

Further, a defendant's acts may violate more than one law, and as in the present case, more than one *subsection* of a section of the law. Federal Civil Rule 8(d)(2) expressly permits that "a party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."

Plaintiff in the instant case pleads in the alternative and properly alleges a variety of wrongs in violation of various federal laws and state laws under the principals of pendent jurisdiction. Plaintiff refers to numerous provisions of the Lanham Act, 15 U.S.C. Sections 1114, 1116, 1117, 1125, and cites those provisions in paragraph 2 of the Complaint as the basis for some of the monetary and injunctive relief sought against Defendant. Those allegations in the Complaint are incorporated in the following paragraphs and are in all respects proper, factually detailed and fully and fairly apprise the Defendant of the claims asserted against it.

## Counts I and III

In spite of this detailed pleading, Defendant's argue that Counts I (federal trademark infringement) and III (federal counterfeiting) "*under which Phelan seeks to travel*" do not cite to the proper statutes. The assertion can only be described as nonsense. The proper statutes are cited. Further, Wendy's is a nationally known restaurant chain which has litigated scores of trademark cases, is difficult to view as genuine in its plea of ignorance as to the significance of the terms "Lanham Act", "trademark infringement" or "counterfeiting". Every party involved knows what those terms mean. In support of

Defendant's creative but wholly specious argument on this point, Defendant cites zero case law from this or any other federal circuit. The statutes are correct, exactly on point for the respective counts and are properly cited in the complaint.

Without apology Defendant goes on to argue, again without the benefit of any case law, that the counterfeiting claim, Count III, should also be dismissed because Plaintiff has not alleged that it has sought the participation *of the U.S. Attorney's Office in connection with an ex parte seizure of the infringing goods*. The statement is stunning in its inappropriateness. The U.S. Attorney's office handles criminal proceedings, not civil disputes. There is no legal requirement that a Plaintiff recruit the U.S. Attorney's office to enforce its rights under the Lanham Act. There are indeed a wide variety of remedies available to any aggrieved party under the Lanham Act (including the freedom to seek the involvement of the AUSA in prosecution), but no act of legislation has ever made use of these an all or nothing mandatory process. If it was mandatory, then certainly somewhere in the history of American trademark jurisprudence there would be a case supporting that position, but Defendant cites none. There is no requirement on this Plaintiff to enlist the U.S. Attorney for a criminal proceeding, although Plaintiff certainly has that liberty. The lack of any case law is telling and none of this serves as the basis for a dismissal. Counts I and III should not be dismissed.

## Counts IV, V, VI and VII

Defendant next argues that Counts IV, V, VI and VII of the Complaint should all be

dismissed because they are "duplicative" of Count II, Plaintiff's claim for federal unfair competition. This is also a rather creative argument. This time, Defendant cites two cases, albeit incorrectly, as neither case supports dismissal in this Eleventh Circuit at the initial pleading stage. The first case cited, Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 780 (1992), is a seminal trade dress case in federal jurisprudence; however, that case did not affirm a 12(b)(6) dismissal of the plaintiff's complaint for asserting duplicative causes of action. Instead, Two Pesos v. Taco Cabana, in dicta, merely held that the test for violations of unfair competition or false designation of origin is the same, and at no time was it held that those separate causes of actions could not co-exist in the same complaint.

The other case cited by Defendant, Scholastic, Inc. v. Stouffer, 124 F.Supp.2d 836, 842 n. 5 (S.D.N.Y. 2000) was later abrogated. Scholastic was, at its heart, a declaratory judgment action arising out of a counterclaim asserted in a copyright infringement case which involved the "Harry Potter" series. That court was presented with something which was at that time an unresolved issue concerning the complex interplay between copyright and trademark law, and later clarified in the case of Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041 (2003).

The extremely limited holding in Scholastic, Inc. v. Stouffer is not controlling authority in the Eleventh Circuit, was highly fact specific, was decided only after that judge admittedly struggled with the application of the law, and is relied upon by Defendant herein based upon language contained in a single footnote which may not even have any present application whatsoever. Scholastic has since been abrogated by Dastar and

referred to as "no longer good law" in <u>Atrium Group De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.</u> 565 F. Supp. 2d 505 at 513, and distinguished by two other courts; however, even with all of the nuances present, that New York court allowed certain allegedly duplicate counts to proceed over the motion brought by the party seeking dismissal under Rule 12(b)(6).   Defendant's reliance upon this case law seeking dismissal of these counts is flawed.

Although Defendant did not cite any analogous case law, there is indeed a highly analogous case from this Middle District in an intellectual property setting   in which a defendant similarly sought dismissal of a complaint alleging improper duplication of counts in a complaint drafted the same way.   In <u>Pelican Engineering Consultants, Inc. v. Sheeley</u>, 2000 WL 1215397 (M.D. Fla. 2000), the Court was presented with the issue whether separate counts for Federal False Designation of Origin, False Description and Federal Unfair Competition, all brought under 15 U.S.C. Section 1125(a), were duplicative of each other.   This Court made short work of that argument in denying that Rule 12(b)(6) motion to dismiss.   That prior Middle District outcome is helpful here. Plaintiff's counts are not duplicative and should stand.

<u>Counts VIII and X</u>

Defendant next attacks Plaintiff's Counts VIII (Florida trademark infringement) and X (Florida trademark dilution) and the basis for these arguments are essentially the same, namely Defendant's contend that the law requires that Plaintiff own a *Florida*

trademark registration before any claims for relief can be asserted under Florida law. In support thereof, Defendant cites to another footnote in the case of <u>Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.</u>, 675 F.2d 1160, 1169 n. 13 (11th Cir. 1982), for the proposition that a mark be "registered" in order to obtain protection under Fla. Sat. Ann. Section 495.131. In fact, that was not the ruling at all, as the plaintiff in <u>Safeway</u> sued and prevailed both under the Lanham Act and under Florida law. Defendant herein remarkably then goes on to conflate that misleading argument for another misleading proposition, that for a cause of action to proceed under the Florida trademark statutes, the registration must be a <u>Florida</u> state trademark registration, even though in 2007 Fla. Stat. Ann. Section 495.161 was enacted, which <u>extended</u> trademark protection under Florida law to "marks acquired in good faith at any time at *common law*." Accordingly, under current law, whether for purposes of protecting a trademark in Florida from either infringement or dilution, <u>any</u> trademark owner, registered or unregistered, may prohibit the use of its mark from an unauthorized user. See, <u>Rain Bird Corp. v. Taylor</u>, 665 F.Supp.2d 1258, (N.D. Fla. 2009), which holds, "These provisions permit <u>any</u> trademark owner, **<u>whether registered or unregistered</u>**, to prohibit either a non-competitor's or competitor's use of a similar mark if there is a likelihood of injury to business reputation or dilution of the mark's distinctive quality." <u>Rain Bird</u> at 1267. Emphasis supplied.

     Defendant's motion to dismiss Plaintiff's trademark dilution claim in Count X is equally unpersuasive and is wholly based on yet another inapposite case, <u>Z Productions, Inc. v. SNR Productions, Inc.</u>, 2011 WL 3754693 (M.D. Fla. 2011). <u>Z Productions</u> did not

grant a 12(b)(6) dismissal of a complaint at the initial pleading stage, but rather discussed what a plaintiff must <u>prove</u> in order to overcome *summary judgment*. The Z Productions court ruled on the sufficiency of the evidence and found that because that defendant first used the disputed mark, dilution could not be found. Defendant herein does not at all contend it was first to use the Mark in Suit. Even if it did, a 12(b)(6) motion is not a foray into the sufficiency of the evidence and proofs. Thus, Defendant's motion should again be denied in this regard.

<u>Count XII</u>

Defendant next attacks Plaintiff's Count XII for Unjust Enrichment and, much like before, it primarily relies upon a case which was decided following the presentation of the evidence and not based solely upon the pleadings under the standard of Rule 12(b)(6), <u>Tooltrend, Inc. v. CMT Utensili, SRL</u>, 198 F.3d 802 (11th Cir. 1999). The great weight of the law governing trademarks in the Eleventh Circuit, including some landmark cases which awarded or affirmed significant verdicts have endorsed unjust enrichment. <u>Maltina Corp. v. Cawy Bottling Co., Inc.</u>, 613 F.2d 582, 585 (5th Cir. 1980); <u>Burger King Corp. v. Mason</u>, 855 F.2d 779, 781 (11th Cir. 1988); <u>Babbit Electronics, Inc. v. Dynascan Corp.</u>, 828 F.Supp. 944, 958 (S.D. Fla. 1993); <u>Nutrivida, Inc. v. Inmuno Vital, Inc.</u>, 46 F.Supp.2d 1310, 1314 (S.D. Fla. 1998); and <u>Monsanto Co. v. Campuzano</u>, 206 F.Supp.2d 1252, 1266 (S.D. Fla 2002).

The above cases resulted from factual scenarios in which actual damages either

were inadequate or could not be proven by a trademark owner and were decided to further the congressional purpose of making infringement unprofitable.  The Defendant's motion seeking dismissal of Count XII should be similarly denied.

## Count XIII

Defendant next seeks dismissal of Plaintiff's Count XIII for Florida Common Law Misappropriation because it claims to be "unable to find any authority" for that cause of action.  It is incumbent upon a party seeking dismissal of a cause of action to support its motion.  A party's unawareness is not a basis for it to file a motion, and having the burden of persuasion in that regard, to provide authority to a court prior to moving for dismissal. The cause of action for misappropriation originates at least in part from a United States Supreme Court opinion, International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68 (1918), which is referred to as a "landmark case" and is cited with approval in another case which Defendant herein cites for another failed proposition in support of its motion to dismiss Count XV below, North Atlantic Marine, Ltd. v. Sealine Intern., Ltd., 2007 WL 5298433 at 12, which discusses the subject of "expanding the parameters of unfair competition".  Thus, it is not true that Defendant was unable to find any authority for the assertion of Count XIII, it just did not know that it was found in another one of its cases. Defendant's motion to dismiss Plaintiff's Count XIII for Florida Common Law Misappropriation should be similarly denied.

## Count XV

Finally, Defendant moves for dismissal of Plaintiff's Florida False Designation of Origin and Passing Off claims in Count XV. As before, the gravamen of Defendant's argument is that these claims are "duplicative" and are governed by the same evidentiary standard and the fallacy of that argument has already been discussed.

Also as before, Defendant cites to cases in support of its argument which cases were not decided at the initial pleadings stage, but instead which discuss what a plaintiff must <u>prove</u> at trial, or simply were decided for other reasons. These cases include the previously discussed and wholly inapposite <u>Two Pesos</u> trade dress case and the previously discussed <u>North Atlantic Marine, Ltd. v. Sealine Intern., Ltd.</u> case, which is wholly inapposite because, unlike here, the plaintiff there failed to allege confusion, passing off and competition between the parties.

Defendant then cites <u>Chassis Master Corp. v. Borrego</u>, 610 F.Supp. 473, 479 (S.D. Fla. 1985). That case not only fails to support Defendant's argument but sounds so shockingly similar to the instant case so as to defy imagination on a number of levels as to why it was even cited. In <u>Chassis Master</u> the court found that defendant did indeed commit multiple counts of trademark infringement, dilution and unfair competition under both the Lanham Act and the Florida common law in connection with both a federally registered mark and common law rights to a second highly related derivative mark. Obviously, the <u>Chassis Motors</u> court was not at all concerned with the kinds of assertions this Defendant makes when it awarded all of the relief sought by that plaintiff.

The Court herein should be similarly unconcerned and deny the dismissal of

Plaintiff's Florida False Designation of Origin and Passing Off claims in Count XV.

## CONCLUSION

It must be noted as invited comment that as part of the argument seeking dismissal of Count XV, Defendant accuses Plaintiff of "piling on", when in fact the same could be said about the filing of this entire partial motion to dismiss.   Plaintiff has in all respects submitted a proper complaint and the concept of pleading in the alternative is not only well recognized but expressly permitted by the rules.

If Defendant really required more time to answer it should have made that request rather than cause the expense and inconvenience occasioned by this ill-conceived filing. Alternatively, if Defendant fails to understand the factual basis of the claims asserted by Plaintiff it is free to engage in the discovery process.   The filing of this motion is no substitute for any of that and has caused unnecessary delay and expense.

Defendant has not set forth any valid ground for dismissal, but instead has devoted pages and pages to arguments and positions that cannot be recognized as effective to dismiss a case at the complaint stage.   That being the case, the present motion should be DENIED.

                Respectfully submitted,

                      /s/JENNIFER L. WHITELAW
                      JENNIFER L. WHITELAW
                      WHITELAW LEGAL GROUP
                      TRIAL COUNSEL for Plaintiff

**PHELAN HOLDINGS, INC.**
Florida Bar No. 0938629
3838 Tamiami Trail North
Third Floor
Telephone: 239-262-1001
Facsimile: 239-261-0057
Email: usdcmail@whitelawfirm.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being provided as follows on the date of the electronic filing or electronic transmission of same:

Richard E. Mitchell rmitchell@gray-robinson.com;
jdenton@gray-robinson.com

David J. Stewart dstewart@alston.com
Jessica E. Lewis jessica.lewis@alston.com

/s/JENNIFER L. WHITELAW
JENNIFER L. WHITELAW