## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PHELAN HOLDINGS, INC.,**

      **Plaintiff,**

**v.**                                    **Case No.: 2:11-CV-392-FtM-99DNF**

**WENDY'S INTERNATIONAL, INC., et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATIONS

      Before the court are Defendant Wendy's International, Inc.'s **Motion for Partial Dismissal of Plaintiff's Complaint** (Dkt. 17) and Plaintiff's **Memorandum in Opposition to Defendant's Partial Motion to Dismiss** (Dkt. 26).[1] For the reasons explained below, the Court recommends that the motion to dismiss be granted in part and denied in part.

## Background

      Plaintiff Phelan Holdings, Inc. ("Plaintiff"), a Florida corporation, owns and operates seafood restaurants under the service mark "Pincher's Crab Shack" in southwest Florida.  Defendant Wendy's International, Inc. ("Defendant") is an Ohio corporation that owns, operates, and franchises quick-service restaurants under the service mark "Wendy's" throughout the United States.  Plaintiff holds a federal registration for the service mark[2] "You Can't Fake Fresh" for restaurant services.

---

      [1] The District Judge referred the motion to the undersigned for a report and recommendation (Dkt. 35). See 28 U.S.C. § 636(b) (2009).

      [2]A service mark is identical to a trademark, except it indicates the origin of services instead of goods.  Univ. of Fla. v. KPB, Inc., 89 F.3d 773, 776 n.4 (11th Cir. 1996) (per curiam).  Service marks are registrable in the same manner as trademarks and entitled to the same protections.  15 U.S.C. § 1053 (2006).

In 2010, Defendant used the phrase "you can't fake fresh" in a television commercial advertising its Garden Sensations salads. (Dkt. 17 at 3) Additionally, Defendant has used the phrase "you can't fake real" to promote its products on its website. On July 12, 2011, Plaintiff filed a fifteen-count complaint against Defendant for its use of both phrases. Plaintiff also lists Various John Does, Jane Does, and ABC Companies as defendants.

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss twelve of the claims: Federal Trademark Infringement (Count I), Federal Trademark Counterfeiting (Count III), Federal False Designation of Origin (Count IV), Federal False and Misleading Description of Fact (Count V), Federal False or Misleading Representation of Fact (Count VI), Federal Passing Off (Count VII), Florida Trademark Infringement (Count VIII), Florida Injury to Business Reputation and Dilution (Count X), Unjust Enrichment (Count XII), Florida Misappropriation (Count XIII), Florida False Designation of Origin (Count XIV) and Florida Passing Off (Count XV).

The motion should be granted and part and denied in part.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). The complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Factual allegations do not need to be in detail but must be more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  More simply, factual allegations must permit a court reviewing a motion to dismiss "to draw the reasonable inference that the defendant is liable for the misconduct alleged" under any viable legal theory.  <u>Id.</u>

## <u>Analysis</u>

A.      Federal Trademark Infringement (Count I) and Federal Trademark Counterfeiting (Count III)

Defendant challenges Federal Trademark Infringement (Count I) and Federal Trademark Counterfeiting (Count III)  because Plaintiff does not cite the appropriate sections of the Lanham Act, the federal statute that regulates use of trademarks.[3]  Because Plaintiff refers to sections of the Lanham Act that set forth remedies but do not provide causes of action,  Defendant contends that Plaintiff fails to state a claim upon which relief can be granted.

When suing for trademark infringement under the Lanham Act, a claim either could be brought under section 1114, which protects registered marks, or section 1125(a), which creates a cause of action for unregistered marks.  15 U.S.C. §§ 1114, 1125(a).  However, in Count I of the complaint, Plaintiff asserts that Defendant's actions "constitute trademark infringement in violation of 15 U.S.C. § 1117." (Dkt. 1 ¶ 76)  Section 1117 delineates remedies available to plaintiffs who prevail under the Lanham Act, including defendant's profits, damages sustained by the plaintiff, and the costs of the lawsuit. 15 U.S.C. § 1117(a) (2009).  Standing alone, Section 1117 does not provide a cause of action.

In response to the motion to dismiss, Plaintiff first emphasizes that it took considerable time drafting its fifty-five page complaint so that Defendant would be notified, in great detail, of

_____

[3] 15 U.S.C. § 1051 <u>et</u> <u>seq.</u>

3

Plaintiff's claims against it.  (Dkt. 26 at 5)  Moreover, if citations to the specific passages of the Lanham Act are necessary, Plaintiff asserts that it met the requirement in the second paragraph of its complaint, where it states that the Court has jurisdiction over the action under, *inter alia*, 15 U.S.C. §§ 1114, 1116, 1117, 1125 and related statutes.  (Dkt. 1 ¶ 2)  Plaintiff notes that each count of the complaint incorporates paragraph two, thereby satisfying Defendant's qualms about stating a cause of action.

In specifically addressing the motion to dismiss Counts I and III, Plaintiff decries as "nonsense" Defendant's assertions that the complaint fails to state a cause of action for federal trademark infringement and federal trademark counterfeiting.  (Dkt. 26 at 6)  Noting that Defendant is a nationally known restaurant chain that has litigated trademark cases previously, Plaintiff asserts that Defendant is well aware of what the terms "infringement" and "trademark counterfeiting" mean. (Id.)

But Plaintiff misses the point.  While the complaint is detailed,  and Defendant does not challenge the factual sufficiency of the trademark infringement and counterfeiting claims, Plaintiff still erroneously cites to Section 1117 as its cause of action in Count I.  (Dkt. 1 ¶ 76) Plaintiff's service mark is registered, thus it should seek relief under section 1114.   Accordingly, Count I should be dismissed with leave to amend.

In challenging Federal Trademark Counterfeiting (Count III), Defendant acknowledges that Plaintiff refers in its heading to the appropriate section of the Lanham Act, section 1114.  However, Defendant still contends that the claim should be dismissed because section 1114 is not cited *within* the allegations of Count III.   (See id. ¶¶ 86-89)  Rather, the complaint bases the trademark counterfeiting claim on section 1116(d), which provides injunctive relief including the seizure of

goods bearing counterfeit marks.  As a result, Defendant also contends that Count III should be dismissed because Plaintiff has not indicated that it gave the U.S. Attorney's Office notice as required that it intends to seek relief under section 1116(d).  15 U.S.C. § 1116(d)(2) (2009) (stating that "[t]he court shall not receive an application under this subsection unless the applicant has given such notice of the application as is reasonable under the circumstances to the United States attorney for the judicial district in which such order is sought").   In response, Plaintiff counters that it has no duty to seek the U.S. Attorney's approval to sue for civil trademark counterfeiting.

Defendant is correct that Plaintiff inappropriately cites section 1116(d) as a cause of action for trademark counterfeiting under Count III.  (Dkt. 1 ¶ 86) Moreover, Plaintiff would be required to provide notice to the U.S. Attorney's Office before seeking an ex parte order for seizure of goods bearing counterfeit marks under section 1116(d).  Yet these issues are not material to whether Plaintiff sufficiently alleged a claim for trademark counterfeiting of its registered service mark. Indeed, Plaintiff cites section 1114 of the Lanham Act in its heading to Count III.  Plaintiff's failure to repeat the specific statute within the factual allegations normally would not be problematic, but in the complaint, Plaintiff expressly states that Defendant's acts "constitute counterfeiting under 15 U.S.C. § 1116(d), et seq." (Id.)  As such, Plaintiff is basing its claim on a provision that  provides injunctive relief, not a cause of action. Count III therefore should be dismissed with leave to amend.

B.    Federal False Designation of Origin (Count IV), Federal False and Misleading Description of Fact (Count V), Federal False or Misleading Representation of Fact (Count VI), Federal Passing Off (Count VII)

In Counts IV, V, VI, and VII, Plaintiff alleges various acts of unfair competition based on section 1125 of the Lanham Act.  Although section 1125 allows the owner of an unregistered mark to sue for trademark infringement, it also provides a  cause of action for unfair competition against:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]

15 U.S.C. § 1125(a) (2006).

In seeking dismissal of Counts IV through VII, Defendant contends that the claims are unnecessary because Plaintiff already is suing for unfair competition under section 1125 in Count II. Defendant protests that the four additional claims are duplicative and unfairly prejudicial, creating the impression that Defendant committed five violations when, in fact, all the counts are based on the same underlying cause of action. Defendant also states that the multiple counts would be confusing to a jury.

Importantly, however, Defendant does not challenge the factual underpinnings of the unfair competition claims. Because there is no dispute that Plaintiff sufficiently alleges a claim for unfair competition, Counts IV through VII should withstand a motion to dismiss. See Pelican Eng'g Consultants, Inc. v. Sheeley, No. 2:99-CV-298-FTM-21D, 2000 WL 1215397, at *2 (M.D. Fla. July 11, 2000) (denying motion to dismiss multiple claims for unfair competition). Therefore, the motion to dismiss should be denied as to the claims for Federal False Designation of Origin (Count IV), Federal False and Misleading Description of Fact (Count V), Federal False or Misleading Representation of Fact (Count VI), and Federal Passing Off (Count VII).

D.    Florida Trademark Infringement (Count VIII)

Count VIII alleges trademark infringement pursuant to Section 495.151, Florida Statutes. Defendant correctly points out that Section 495.151 governs trademark *dilution*, not infringement. Even if Plaintiff meant to cite the state's trademark infringement law, Section 495.131, Florida Statutes, Defendant argues that the claim should be dismissed because a mark must be registered in Florida to be protected by the statute. (Dkt. 17 at 8)  This argument is without merit.  Although Section 494.131 expressly refers to "mark[s] registered under this chapter," the Florida Legislature amended the statute in 2006 to protect unregistered, common law marks.[4]  But, as Plaintiff has again incorrectly stated the correct statutory provision for a cause of action for trademark infringement under Florida law, Count VIII should be dismissed with leave to amend.

E.      Florida Injury to Business Reputation and Dilution (Count X)

Defendant challenges Plaintiff's claim for injury to business reputation and dilution under section 495.151, Florida Statutes, which prohibits a party from using another's famous mark in a way that undermines, or dilutes, its distinctive quality.  The statute applies only to marks that are "famous," or widely recognized by the general consuming public as a designation of the trademark owner's goods or services.  Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 171 (4th Cir. 2012) (defining "famous" under the federal anti-dilution statute, 15 U.S.C. §  1125(c)).  Florida's anti-dilution statute lists factors for determining whether a mark is famous, including the duration and extent of the mark's use in Florida, the extent of advertising undertaken by the plaintiff, and the extent of the geographical area in which the mark is used.  See Fla. Stat. § 495.151(1)(a)-(h) (2011).

---

[4] This is made clear in the preamble to Section 495.131, which explains that the law is "[s]ubject to the provisions of s. 495.161[.]" In turn, Section 495.161 provides: "Nothing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law." Fla. Stat. § 495.161 (2011).

Defendant contends that the dilution claim should be dismissed because Plaintiff has not pled facts that show that its "You Can't Fake Fresh" slogan has attained stature as a famous mark. The Court disagrees. Plaintiff describes its efforts to create a connection between its mark and its services. For example, the mark is displayed prominently on the restaurant's exterior, directly beneath its name. (Dkt. 1 at 6) Similarly, the mark is conspicuous on Plaintiff's website, appearing in even larger print than the restaurant's name. (Id. ¶ 26)   Plaintiff states that the mark has been used in interstate commerce since at least 2004, appearing on commercial signs, newspaper ads, menus, radio ads, television ads, and internet advertising. (Id. ¶¶ 21, 26)   As Plaintiff plausibly alleges that the mark is famous under Section 495.151, Defendant's argument is unpersuasive. Moreover, the complaint asserts that Defendant's use of the mark to promote "inferior" products could injure Plaintiff's business reputation. (Id. ¶¶ 55, 63; Ex. 3)  The motion to dismiss should be denied as to Plaintiff's state-law claim of Injury to Business Reputation and Dilution (Count X).

F.    Unjust Enrichment (Count XII)

In seeking dismissal of Count XII, Defendant contends that the complaint fails to assert the requisite elements of unjust enrichment.  To state a claim for unjust enrichment under Florida law, a party must allege (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) (citations omitted).

Plaintiff's claim for unjust enrichment should be dismissed with leave to amend.  Despite making fleeting references to "unjust enrichment" and a "commercial benefit" gained by Defendant (Dkt. 1 ¶¶ 68- 70),  Plaintiff does not provide sufficient factual support for all the elements of unjust

enrichment under Florida law.[5]  Defendant's argument that unjust enrichment is a quasi-contractual theory inapplicable in this instance has some merit.  See, e.g., Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns Ltd., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003) (distinguishing between unjust enrichment and wrongful enrichment).   However, Plaintiff should be afforded an opportunity to articulate the factual allegations in support of this claim, rather than suffer dismissal without leave to replead at this point.

G.      Florida Misappropriation (Count XIII)

Defendant also seeks dismissal of Plaintiff's claim for misappropriation under Florida law, asserting that there is no such cause of action.  In responding, Plaintiff relies partly on International News Service v. Associated Press, in which the U.S. Supreme Court upheld an injunction barring the defendant from misappropriating the plaintiff's news articles by rewriting them and transmitting them as its own. 248 U.S. 215, 246 (1918).  That case created  "hot news misappropriation," a common law tort that in narrow circumstances holds a defendant liable for using factual information uncovered by a plaintiff.  See id. at 240-41.  Only a few states have clearly adopted hot news misappropriation, and Plaintiff has not shown that Florida is among them.[6]

In any event, this case does not involve alleged misappropriation of news, and Plaintiff's

---

[5] Plaintiff responds to Defendant's argument by citing a group of cases recognizing that unjust enrichment may be used to reach defendant's profits when damages alone are insufficient. These cases are unpersuasive because Plaintiff pleads unjust enrichment as a separate cause of action, not a damages theory.

[6] Cf. Morris Commc'ns Corp. v. PGA Tour, Inc., 117 F. Supp. 2d 1322, 1328-29 (M.D. Fla. 2000) (inferring that Florida recognized hot news misappropriation, although declining to apply the doctrine to the facts at issue); Herald Publ'g Co. v. Fla. Antennavision, Inc., 173 So. 2d 469, 474 (Fla. 1st DCA 1965) (denying hot news claim for defendant's interception and re-transmission of television broadcasting signals).

reliance on the Supreme Court doctrine is unconvincing. Plaintiff cites no authority indicating that Florida courts would recognize misappropriation for the unauthorized use of trademarks.  In one cited case,  the court rejected an unfair competition claim in which the defendants were accused of misappropriating the plaintiff's "labors and expenditures" by undermining an agreement governing the plaintiff's right to sell the defendants' yachts. <u>N. Atl. Marine, Ltd. v. Sealine Int'l, Ltd.</u>, No. 06-20200-CIV, 2007 WL 5298433, at *1, *11-12 (S.D. Fla. Mar. 29, 2007).  In rejecting the claim, the court explained that even if misappropriation were a form of unfair competition, the tort required the defendant to obtain the idea through an abuse of a fiduciary or confidential relationship. <u>Id.</u> at *12 (citation omitted).  Finding no fiduciary relationship between the parties, the court dismissed the unfair competition claim. <u>Id.</u> at *13.

In this case, Plaintiff is not advancing misappropriation as a form of unfair competition, but as an independent cause of action imposing liability for Defendant's unauthorized use of Plaintiff's trademark.  Because Florida does not recognize misappropriation in this context, this claim should be dismissed without leave to replead.

H.       Florida False Designation of Origin (Count XIV) and Florida Passing Off (Count XV)

Plaintiff also alleges two types of unfair competition, Florida False Designation of Origin (Count XIV) and Florida Passing Off (Count XV).  Defendant challenges these claims as duplicative because Plaintiff already alleged a claim for Florida unfair competition in Count XI.  Defendant stresses that Counts XI, XIV, and XV are based on the same facts and are legally indistinguishable because they all require the same elements of proof and complains that asserting these multiple claims constitutes impermissible "pil[ing] on."  (Dkt. 17 at 11)

Once again, however, Defendant does not challenge the factual sufficiency of Plaintiff's

unfair competition claims under Florida law.  Accordingly, Counts XIV and XV should not be dismissed.

## Conclusion

Plaintiff has stated plausible claims for Federal False Designation of Origin (Count IV), Federal False and Misleading Description of Fact (Count V), Federal False or Misleading Representation of Fact (Count VI), Federal Passing Off (Count VII), Florida Injury to Business Reputation and Dilution (Count X), Florida False Designation of Origin (Count XIV), and Florida Passing Off (Count XV).  Consequently, none of these claims should be dismissed.

However, as explained above, Federal Trademark Infringement (Count I), Federal Trademark Counterfeiting (Count III), Florida Trademark Infringement (Count VIII), and Unjust Enrichment (Count XII) should be dismissed with leave to file an amended complaint.  The claim of Florida Misappropriation (Count XIII) should be dismissed with prejudice.

Except for Count XIII, the need to amend arises only because of incorrect citations.  More careful proofreading could have alleviated the need to rectify these deficiencies.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     The Motion to Dismiss be **GRANTED** in part and **DENIED** in part as set forth above.

**Date:  July 3, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

11

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1) (2009).


Copies to:
Counsel of Record
District Judge